**STATE, Plaintiff-Appellee, v. KINCHEN, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1867.   Decided June 5, 1945.

Nicholas Nolan, Prosecuting Atty., Dayton, for plaintiff-appellee.

Theodore M. Berry, Cincinnati, and S. J. Gerson, Dayton, for defendant-appellant.

## ·OPINION

**BY THE COURT:**

This matter is before this court on appeal on questions of law from the finding and judgment of a three judge Common Pleas Court proceeding under §13442-5a GC.

The indictment charges in substance that Daniel Kinchen on or about the 6th day of July, 1944, made an assault upon F. F., with intent to rape.

The three judge court after hearing the evidence in the case submitted a finding of facts and conclusions of law. The Court found that the evidence sustained the charge and that the defendant was guilty beyond a reasonable doubt.

Proper procedure was had to bring the case before this Court and the defendant filed eight assignments of error which may be reduced to a less number and in substance are that the evidence failed to establish the offense; that the trial court erred in the admission and exclusion of evidence and in admitting testimony relating to alleged statements made by him; and erred to the prejudice of the appellant in failing to inquire fully into the circumstances under which the statements were obtained. It is claimed that the rights of the defendant under the Federal and State Constitutions have been violated to his prejudice and that the Court erred in its findings of facts and conclusions of law.

The evidence of the prosecuting witness was ample to justify the Court in finding that the requisite elements of the offense has been proved and that there was not only an assault but further an intent to commit rape.

The defendant, who was a bell boy at the Gibson Hotel testified in substance that he had been assigned to the room by the telephone girl to "wake up" the prosecuting witness who had not answered her 'phone on a call and that he knocked on her door and receiving no answer, opened the door, which was unlocked, and went into the room and discovered the prosecuting witness lying nude upon her bed; that he shook her by the shoulders in order to wake her up, and that when he finally did, she made an outcry and a demonstration and he thereupon left the room; that his activities in her room were purely those required of him as a bell boy, and that he had no intention of committing rape and made no assault upon her.

During the course of his examination he was confronted with the admission alleged to have been made by him

to the Police Department on the evening of July 6th, the day of the alleged assault. He asserts strongly that his statements were made through fear aroused in him, because of a group of hostile witnesses who continually asserted their intent to inflict upon him personal injuries.

It is not necessary to recite the details testified to by the State's witnesses. The several witnesses to his alleged admissions who were claimed by him to have used threatening and violent language toward him, each specifically denied that any threats were made by any one, but each asserted that his statements were voluntary.

The Court specifically finds he was not in any way coerced or threatened prior to making these statements.

We have carefully read all of the evidence produced in this case.

Where credibility is involved under the evidence adduced, this determination is for the triers of the fact and may not be disturbed unless it is so manifestly against the weight of the evidence as to shock the sensibilities of a reviewing court. In this record the only thing to be found in defendant's behalf, unless his own statements are accepted as the truth, is the testimony of the witnesses as to his good character which evidence the trial court considered. Upon every material factual question he is contradicted by the other witnesses. The telephone operator at the hotel specifically denies that she transmitted any call to the defendant to go to Room 642 to wake the occupant. Her record supports the conclusion that there was no call on the morning in question or the night before, for Room 642. Defendant is contradicted on his claim that he did not have his coat on when he took the elevator to the 6th floor by the elevator operator. He is contradicted in detail in all of his statements that he was threatened prior to and at the time that he made the admissions before the stenographer. This contradiction comes from the manager and the assistant manager of the hotel and Sgt. Pfauhl. The testimony of the telephone operator that she had a call from Room 645 on the morning in question and that she sent the defendant to that room is also in direct refutation of his testimony. There are other circumstances which tend to discredit his story.

Upon the two questions urged in oral argument and in the brief, namely, that there was not sufficient proof of assualt and no proof of intent to commit rape, there is ample proof upon the former by the testimony of the prosecuting witness and the admissions of the defendant. Upon the latter, intent

is an emotion or operation of the mind, and can usually be shown only by acts, declarations, and circumstances known to the party charged with the intent. So, here, the intent of the defendant must be judged by all the circumstances appearing and the Court had the right to conclude that before the assault and at the time thereof, he intended to use such force as was necessary to complete the act. That he changed his purpose for any reason thereafter becomes immaterial.

We find no merit in any of the assignments of error.

The three judges who tried this case were each skilled in the matter of the examination of witnesses and the weighing of evidence, and although the defense claims that the Court was prejudiced because of the nature of the offense charged, we find nothing to sustain this claim of the defendant.

Judgment of the Court below affirmed and cause remanded for further proceedings.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.